**Bambang HERWANTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72323.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

R.App. Petr. 34(a)(2).

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Quynh Vu Bain, Esq., Terri J. Scadron, Esq., DOJ–U.S. Department of Justice Torts Branch/Civil Division, Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Bambang Herwanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review for substantial evidence factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

■ The record does not compel the conclusion that changed circumstances or extraordinary circumstances excused the untimely filing of Herwanto's asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); *see also Ramadan v. Gonzales*, 479 F.3d 646, 648, 657–58 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the IJ's finding of no past persecution because Herwanto's experiences do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004) applies to withholding of removal claims, Herwanto has not established a clear probability of future persecution. *See Hoxha*, 319 F.3d at 1184–85. Lastly, the record does not compel the conclusion that Herwanto demonstrated a pattern or practice of persecution against ethnic Chinese Christians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, we deny the petition as to Herwanto's withholding of removal claim.

■ Herwanto has forfeited any challenge to the IJ's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument in opening brief are waived).

■ To the extent Herwanto contends that his due process rights were violated,

we reject this contention because he has failed to demonstrate prejudice. *See Colmenar*, 210 F.3d at 971.

**PETITION FOR REVIEW DENIED.**